466

## LOUIS COHEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11846.   Promulgated April 10, 1928.

*Edwin C. Brandenburg, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

SIEFKIN: This proceeding involves an interpretation of the same contract involved in *Louis Cohen*, 5 B. T. A. 171, which related to similar contentions made as to the year 1919. The evidence introduced in this proceeding, which involves the years 1920 and 1921, is substantially similar with only slight differences, which we regard as immaterial, such as the evidence that in financial statements the petitioner included the amounts credited to his sons as liabilities and the evidence offered, but rejected, that the sons reported in their income-tax returns the amounts so credited.

The brief of the petitioner in this proceeding is addressed primarily to the second assignment of error, that he is entitled to deduct the amounts of the credits to his sons as ordinary and necessary expenses of business. In our prior decision we said:

The taxing statute permits an individual to deduct from gross income in his income-tax return:

" All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * * (Section 214 (a) (1), Revenue Act of 1918.)"

This language is explicit and unambiguous. The simplicity of the language should be preserved in its interpretation. The petitioner paid his sons certain amounts to compensate them for their services. The amounts that were actually paid undoubtedly constituted ordinary and necessary expenses of doing business. The father was, however, interested in the future welfare of his sons and desired that they should marry girls of Jewish parentage. In order to accomplish this result, the agreement of January 1, 1919, was entered into. The agreement was not solely one of compensation for services rendered. We think that amounts set aside by the petitioner upon his books of account in fulfillment of the agreement were not ordinary and necessary expenses of the individual in the conduct of his business.

The facts were no different in 1920 and 1921, and we hold the same as in the prior proceeding on the question of the credits being ordinary and necessary expenses of doing business. As to the exclusion of the credits from gross income, the respondent was even more

clearly correct and we reiterate what we said in the first part of our prior opinion and further point out that, since that opinion was written, the Circuit Court of Appeals for the Second Circuit has affirmed the judgment of the District Court in *Mitchel* v. *Bowers*, 9 Fed. (2d) 414, affirmed in 15 Fed. (2d) 287, certiorari denied by the Supreme Court of the United States, 273 U. S. 759.

*Judgment will be entered for the respondent.*